FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2010 AUG 19  PM 4: 08

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:10CR3063 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| JESUS ALFREDO ORTIZ MENCHACA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, Jesus Alfredo Ortiz Menchaca, agree to the following:

**NATURE OF CRIME AND PENALTIES**

1. The Defendant will plead guilty to Count I of the Indictment. Count I charges a violation of Title 21, United States Code, Section 846. The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to imprisonment of not less than ten years nor more than life imprisonment, a fine of up to $4,000,000, both such fine and imprisonment, a term of supervised release of at least four years, and a $100 special assessment. The Defendant also understands that by entering this plea of guilty as to Count I, the Defendant will forfeit any interest he has in $1,644.00 in United States currency.

2. In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

   a. If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, and if that paragraph otherwise applies, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. §

3E1.1(b).

## COOPERATION PROVISIONS

3. Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## BREACH OF AGREEMENT

4.    a.    Should it be concluded by the United States that the Defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the Defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendant.

      b.    In the event the Defendant commits a crime or otherwise violates any term or condition of this plea agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## SENTENCING ISSUES

5. Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

      a.    Drug Quantity & Base Offense Level: The parties agree that the Defendant should be held responsible beyond a reasonable doubt for at least 1.5 kilograms

        but less than 5 kilograms of a mixture or substance containing a detectable amount methamphetamine, and at least 500 grams but less than 1.5 kilograms of methamphetamine (actual) and therefore, pursuant to U.S.S.G. § 2D1.1, the Defendant's base offense level is 36.

b. Role in the offense: The parties agree that the Defendant is not subject to either an upward or downward adjustment in offense level for role in the offense, pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2.

c. The parties have no agreement concerning the Defendant's possible eligibility for the "safety valve" as provided in U.S.S.G. § 2D1.1(b)(11) and § 5C1.2. These issues will be resolved at sentencing.

d. The Defendant agrees not to move for a downward departure based on U.S.S.G. §§ 5H1.1-5H1.12 and/or 5K2.0-5K2.23.

e. Criminal History Category: The parties have no agreement concerning the Defendant's Criminal History Category. This issue remains to be resolved at sentencing.

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

6. This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

7. By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a

speedy trial.

8. The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

9. The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

10. Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

11. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).

12. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

13. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before August X 2010, at the offices of the United States Attorney for the District of Nebraska.

*[handwritten annotations: "JCV 8-19-10", "19th J.M.", "SEP 8/19/10"]*

UNITED STATES OF AMERICA

DEBORAH R. GILG
United States Attorney

8/19/10
Date

_____
SARA E. FULLERTON
Assistant United States Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508
(402) 437-5241

8-19-10
Date

Jesus Alfredo Ortiz Menchaca
JESUS ALFREDO ORTIZ MENCHACA
DEFENDANT

8-19-10
Date

_____
JOHN C. VANDERSLICE
ATTORNEY FOR DEFENDANT

*Rev. 4/2007*